UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MBA ENGINEERING, INC., as Sponsor and Administrator of the MBA ENGINEERING, INC. EMPLOYEES 401(K) PLAN, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>MATRIX TRUST COMPANY, et al.,<br><br>*Defendants.* | Case No.: 3:20-cv-01915-E |

**DEFENDANT MSCS FINANCIAL SERVICES' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT**

Defendant MSCS Financial Services hereby moves to dismiss all claims asserted against it in Plaintiffs' First Amended Complaint. Plaintiffs' new claims fail as a matter of law, and Plaintiffs fail to allege any plausible claim for relief as to MSCS Financial. Further, the addition of another defendant at this juncture could delay proceedings and disrupt the existing schedule. As such, all of Plaintiffs' claims against MSCS Financial should be dismissed.

**FACTUAL BACKGROUND**

Plaintiffs contracted out the services required to administer their two retirement plans by retaining a third-party administrator which, in turn, arranged for other entities to provide the services necessary to operate Plaintiffs' retirement plans. FAC ¶¶ 45-46. However, the involvement of MSCS Financial—as a broker-dealer only—was tangential at best. And,

Plaintiffs fail to allege that MSCS Financial provided any custodial services to any retirement plan. Plaintiffs instead simply make the bare, unsupported allegation that MSCS Financial collected 12b-1 fees on behalf of another defendant. FAC ¶ 47.

Only one paragraph out of the entire FAC contains any allegations specifically relating to MSCS Financial on an individual basis, and it still fails to plead any substantive allegations as to MSCS Financial beyond mere legal conclusions. The FAC contains no facts supporting these legal conclusions. As such, the FAC fails to state a plausible claim for relief as to MSCS Financial.

## I.  The Claims Against MSCS Financial Should Be Dismissed

Plaintiffs fail to plead a plausible claim against MSCS Financial, instead relying on improper group pleading. Plaintiffs fail to make any specific factual allegations as to MSCS Financial, instead lumping it in with the existing defendants. This falls short of the notice pleading requirement.

Plaintiffs also fail to state any plausible ERISA claims as to MSCS Financial. The FAC fails to allege any facts demonstrating that MSCS Financial qualifies as a "covered service provider" under 29 C.F.R. § 2550.408b-2(c), instead simply paraphrasing the regulation's text and offering only conclusory, vague assertions as to MSCS Financials' conduct. Further, Plaintiffs fail to allege in any way that MSCS Financial is an ERISA fiduciary, again simply mirroring the text of the regulation, without alleging any actual facts supporting their claims. And, no private right of action exists to enforce 408b-2, effectively precluding Plaintiffs' claims.

## II.  Plaintiffs' State Law Claims Also Fail As To MSCS Financial

Similarly, Plaintiffs' state law claims fail to state a plausible claim for relief as to MSCS Financial. The breach of fiduciary duty claim fails because Plaintiffs have failed to allege any specifics demonstrating that MSCS Financial—as a broker-dealer—even had a fiduciary duty to

begin with, let alone breached it.  Plaintiffs' unjust enrichment and money had and received claims fail for similar reasons—the FAC simply recites the elements of both of these causes of action, but fails to make any factual allegations whatsoever in support.  Plaintiffs' unjust enrichment claim also fails because Plaintiffs have failed to plead an essential element of that claim: that MSCS Financial engaged in any fraud, duress, or obtained an undue advantage.  Plaintiffs' conversion claim similarly fails because Plaintiffs have failed to adequately allege all of the elements of the claim as to MSCS Financial.

## **CONCLUSION**

The Court should dismiss all claims asserted against MSCS Financial, as the FAC fails to state any plausible claim for relief as to that defendant.  The Court should grant MSCS Financial's motion.

Dated: December 13, 2021

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ Robert A. Lewis

David I. Monteiro, Texas Bar No. 01370960
Justin R. Chapa, Texas Bar No. 24074019
1717 Main Street, Suite 3200
Dallas, TX  75201-7347
Telephone:   +1.214.466.4000
Facsimile:   +1.214.466.4001
justin.chapa@morganlewis.com
david.monteiro@morganlewis.com

Robert A. Lewis (*Pro Hac Vice*)
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:   +1.415.442.1000
Facsimile:   +1.415.442.1001
robert.lewis@morganlewis.com

Melissa D. Hill (*Pro Hac Vice*)
101 Park Avenue
New York, NY 10178-0060
Telephone:   +1.212.309.6000
Facsimile:   +1.212.309.6001
melissa.hill@morganlewis.com

Abbey M. Glenn (*Pro Hac Vice*)
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone:   +1.202.739.3000
Facsimile:   +1.202.739.3001
abbey.glenn@morganlewis.com

*Attorneys for Defendants*

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing was served on all counsel of record through the Court's CM/ECF system on December 13, 2021.

*/s/ Robert A. Lewis*
Robert A. Lewis