IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MBA ENGINEERING INC et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:20-CV-01915-E |
| MATRIX TRUST COMPANY et al., | § § § | |
| Defendants. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion to De-Designate Exemplar Fee Disclosures Containing Admissions (Plaintiffs' Motion). (Doc. 93). After considering Plaintiffs' Motion, Defendants' response, Plaintiffs' reply, and the corresponding arguments and attachments, the Court DENIES Plaintiffs' Motion. The Court enumerates its reasoning below.

**I.   BACKGROUND**

This case involves claims for liability under the Employee Retirement Income Security Act of 1974 (ERISA). However, Plaintiffs' Motion does not seek relief related to the merits of their claims. Plaintiffs' Motion seeks relief related to discovery and the Parties' Stipulated Protective Order (Protective Order). (Doc. 69) Thus, the Court limits its discussion of the facts, accordingly.

On January 20, 2022, the Parties entered the Protective Order in accordance with Federal Rule of Civil Procedure 26(c), which provides, in pertinent part:

> For purposes of this Protective Order . . . . the "Confidential Attorney Eyes Only" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, non-public trade secrets or other current or prospective confidential research and development, commercial, strategic, or financial information, or other highly sensitive data, the disclosure of which to another party or non-party could cause a

> competitive disadvantage to a producing party or could create a substantial risk of serious harm, including, for example, strategic planning information, pricing and cost data, and similar types of internal analyses.
> . . . .
> Documents and things produced during the course of this litigation . . . above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows: "CONFIDENTIAL – ATTORNEY EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER."
> . . . .
> Challenge to Designations
> [] A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. To avoid ambiguity as to whether a challenge has been made, the written notice must state that the challenge is being made in accordance with this paragraph of the Protective Order. The producing party will then have 10 business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this 10-business day time-frame, and after the conference required under LR 7.1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information.

(Doc. 69 at 2-4). During this case, Defendants produced documents marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," which included piecemeal documents related to Matrix's fee schedule and disclosures (Disputed Materials). First, Plaintiffs' Motion asks the Court to de-designate these Disputed Materials, which Plaintiffs have (i) partially redacted and (ii) submitted under seal. Second, Plaintiffs' Motion directs the Court to a different litigation between the Parties before Honorable Judge Starr—*MBA Eng'g, Inc., v. Matrix Trust Co.*, No. 3:17-cv-03300-X, ECF No. 14 (N.D. Tex., filed March 23, 2018). *Inter alia,* Plaintiffs' Motion seeks use of the Disputed Materials in the litigation before Judge Starr:

> Plaintiffs pray the Court modify the Stipulated Protective Order to allow the Disputed Materials to be used as summary judgment evidence in the case between Plaintiffs and Matrix currently pending before Judge Starr in the United States District Court for the Northern District of Texas.

(Doc. 93 at 5).[1] Defendants opposed both de-designation of the Disputed Materials and the corresponding request to modify the Protective Order. Nevertheless, Plaintiffs' reply provides:

> The purpose of the Motion was to permit the truth to be heard and de-designate the Disputed Materials that amount to admissions of material facts for the use in judicial proceedings including in any proceedings in this matter without the need to seal or hide this information from the public.

(Doc. 105 at 2). The Court next addresses the corresponding legal standard(s).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) states that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). "To protect confidential commercial information, courts may also issue protective orders requiring documents in the judicial record to be filed under seal." *United States ex rel. Long v. GSD&M Idea City LLC*, No. 3:11-CV-1154-O, 2014 WL 12648520, at *2 (N.D. Tex. Jan. 3, 2014) (citing *In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876, 890 (S.D. Tex. 2008)).

Generally, there are three types of protective orders. First, "specific" protective orders are the narrowest type and cover specifically identified information, which the court has reviewed and has determined that "good cause" exists for such an order. *Raytheon Co. v. Indigo Sys. Corp.*, No.

---

[1] The Court takes judicial notice that Judge Starr has entered an opinion on the discussed motion for summary judgment, which raises a concern of mootness. (*See MBA Eng'g, Inc., v. Matrix Trust Co.*, No. 3:17-cv-03300-X, ECF No. 150). Nevertheless, the Court enters this opinion as Plaintiffs' Motion's requested relief is broader than the "alternative" requested relief—for use in the proceeding before Judge Starr. (*See* Doc. 93 at 5).

4:07-CV-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, No. CIV.A. H-01-3624, 2009 WL 3247432, at *2 (S.D. Tex. Sept. 29, 2009). Second, "umbrella" protective orders—which are generally disfavored—designate all discovery as protected, without review or determination of "good cause" by the parties or the court. *Raytheon*, 2008 WL 4371679, at *2; *In re Enron*, 2009 WL 3247432, at *2. Third, "blanket" protective orders fall in between the "specific" and "umbrella" protective orders; blanket protective orders typically permit "parties to protect those documents which they in good faith believe contain trade secrets or other confidential commercial information and which are usually agreed to by the parties and approved of by the courts." *In re Enron*, 2009 WL 3247432, at *2 (internal citation omitted); *see Raytheon*, 2008 WL 4371679, at *2. "An agreed protective order may be viewed as a contract, and once parties enter an agreed protective order they are bound to its terms, absent good cause to modify or vacate the protective order." *Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:10-CV-2618-D, 2013 WL 3095106, at *3 (N.D. Tex. June 20, 2013) (internal quotation omitted).

### III.  ANALYSIS

#### A.  Whether to Permit De-Designation of the Disputed Materials

Plaintiffs assert two grounds in their request for de-designation. First, Plaintiffs assert the Disputed Materials "do not arise to the level of Confidential Information and . . . do not meet the heightened standards of Attorney Eyes Only." (Doc. 93 at 4). Plaintiffs assert that the Disputed Materials do not constitute confidential information because Defendants disclosed the Disputed Materials in accordance with the Department of Labor's disclosure requirements. *See* 29 C.F.R. § 2550.408b-2 (enumerating initial disclosure requirements that "[t]he covered service provider must disclose the following information to a responsible plan fiduciary, in writing[.]"). Plaintiffs

liken the disclosure of the Disputed Materials to filings before the Securities and Exchange Commission. (Doc. 93 at 4-5) (citing *U.S. Bank Nat'l Ass'n v. Lamell*, No. CV H-19-2402, 2021 WL 4440178, at *2 (S.D. Tex. May 20, 2021)) ("SEC filings are public record[.]")); *see* 17 C.F.R. § 230.406 (enumerating confidential treatment of information filed with the SEC). Second, Plaintiffs assert that the Disputed Materials were shared with third-parties—that Matrix shared the Disputed Materials with "roughly 120,000 accountholders . . . . with no internal expectation that this information would not be provided to additional parties." (Doc. 93 at 3, 5). Indeed, Plaintiffs' reply alleges Defendants have sought to "hide the truth" from the public. (Doc. 105 at 2).

Defendants respond that the Disputed Materials "contain[] highly proprietary pricing information that, if publicly disclosed, could cause significant competitive harm to Matrix." (Doc. 101 at 10). Correspondingly, Defendants argue that the Disputed Materials are subject to confidential, attorney eyes only designation. Defendants further assert Matrix's pricing information are provided individually and are "heavily negotiated." (Doc. 101 at 11). Defendants' attachments to their response indicate that the recipient of information Matrix provided will be kept as "strictly confidential." (*See, e.g.* Doc 103-2 at 9-10). Defendants further assert the Disputed Materials are unlike SEC filings because neither ERISA nor 29 C.F.R. § 2550.408b-2 require public disclosure of the Disputed Materials.

Here, the Disputed Materials contain Matrix's pricing information. On this record and in light of the Protective Order, the Court must find and conclude that Defendants properly designated the Disputed Materials discovery as confidential, attorney eyes only information. (*See* Doc. 69).[2] The record does not demonstrate the Disputed Materials were shared in a manner that would

---

[2] Nevertheless, the Court offers no finding, conclusion, or opinion as to whether the Disputed Materials constitute trade secret or any other such determination.

destroy the confidentiality of the materials. The record does not demonstrate that the Disputed Materials were disclosed to the public such that those documents became a filing within the public record. *See generally U.S. Bank*, 2021 WL 4440178, at *2 (discussing SEC filings as public record).

As filed with the Court, Plaintiffs have unilaterally redacted pricing information in the Disputed Materials. (Doc. 93 at 4). Plaintiffs appear to seek de-designation of the Disputed Materials, as redacted. (Doc. 93 at 4). However, the Protective Order does not provide for de-designation for such redacted material. (*See* Doc. 69).

Lastly, Plaintiffs appear to suggest their requested de-designation would consequently permit viewing for the public. Throughout Plaintiffs' reply, Plaintiffs characterize the Disputed Materials as being "withheld from the public." (*See, e.g.*, Doc. 105 at 2-3). However, no part of the Protective Order anticipates such disclosure. (*See* Doc. 69). Furthermore, as another Court in the Northern District has explained:

> [T]he public is not entitled to have access to discovery. *See . . . United States v.* $9,041,598.68, 976 F. Supp. 654, 659 (S.D. Tex. 1997) ("[T]h[e] right to inspect and copy public documents does not extend to discovery which is not a matter of public record." (citing *In re Alexander, Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986) ) ); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) ("[D]iscovery material [. . .] are neither public documents nor judicial records." (citation omitted).

*ZeniMax Media, Inc. v. Oculus VR, LLC*, No. 3:14-CV-1849-K (BF), 2016 WL 11430477, at *2 (N.D. Tex. June 2, 2016). Plaintiffs' briefing as to this issue refers the Court to Defendants' burden in the context of cases involving sealed documents. *See, e.g.*, *Carter v. Sw. Airlines Co.*, No. 3:17-CV-02278-X, 2022 WL 283025, at *1 (N.D. Tex. Jan. 31, 2022); *Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022); *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 517 (5th Cir. 2022); *Binh Hoa Le v. Exeter Fin. Corp.*,

990 F.3d 410, 417 (5th Cir. 2021); *BNSF Ry. Co. v. Panhandle N. R.R. LLC*, No. 4:16-CV-01061-O, 2018 WL 9662595, at *1 (N.D. Tex. Oct. 19, 2018). But, Plaintiffs' Motion does not seek relief regarding sealing or unsealing of records. And, the Court has found no such support for equating the de-designation of discovery under a protective order with the sealing of documents. *BNSF*, 2018 WL 9662595, at *1 (explaining "there is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other."); *see generally June Med. Servs.*, 22 F.4th at 521 ("That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record.").

For those reasons, the Court DENIES Plaintiffs' Motion to de-designate the Disputed Materials. To the extent Plaintiffs requested relief for public disclosure of the Disputed Materials, such relief is also denied.

### B. Whether to Modify the Protective Order

Regarding whether the Court has the authority to modify a protective order, another Court in the Northern District of Texas has explained:

> "It is well established that a district court retains the power to modify or lift confidentiality orders that it has entered." *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 784 (3d Cir. 1994); *see also United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (discussing right of district court to modify a protective order); *In re United States Motion to Modify Sealing Orders*, 2004 WL 5584146, at *2 (E.D. Tex. June 8, 2004) (same).

*Patrick v. Martin*, No. 2:16-CV-216-D, 2019 WL 2772115, at *1 (N.D. Tex. July 2, 2019). In deciding whether to modify a protective order, the Court applies the four-factor test followed by courts in the Northern District of Texas:

> Courts applying this analysis evaluate "(1) the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause

exists for the modification." *See Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 4371679, at *2-3 (E.D. Tex. Sept. 18, 2008) (Schell, J.) (internal quotation marks and citation omitted).

*In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*, No. 3:11-MD-2244-K, 2016 WL 10719394, at *3 (N.D. Tex. July 8, 2016).

As to the first factor, the Court must determine the nature of the Protective Order. In light of the three types of protective orders described hereabove, the Court finds and concludes the Protective Order is a stipulated blanket protective order. (Doc. 69); *see In re Enron*, 2009 WL 3247432, at *2; *see Raytheon*, 2008 WL 4371679, at *2. "Though blanket orders are moderately susceptible to modification, the parties stipulated to the protective order, and that factor weighs against modification." *Raytheon*, 2008 WL 4371679, at *2 (discussing a blanket protective order); *see, e.g.*, *In re DePuy Orthopaedics*, 2016 WL 10719394, at *3.

As to the second factor of foreseeability, the Court finds and concludes that the requested modification of the Protective Order—to permit use of the Disputed Materials in the *MBA Eng'g, Inc., v. Matrix Trust Co.*, No. 3:17-cv-03300-X, litigation before Judge Starr—was foreseeable because (i) that suit between these Parties began years before this case began and (ii) the discovery period had begun in that suit over ten months before the parties entered into the Protective Order.[3] Indeed, the Protective Order appears to expressly prohibit use of protected information, such as the Disputed Materials, in other lawsuits:

> Protected Information may only be used for purposes of prosecuting, defending, or attempting to settle this Action. Protected Information may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

---

[3] The Court takes judicial notice of (i) the order requiring attorney conference and (ii) first scheduling order in the suit before Judge Starr. (*See MBA Eng'g, Inc., v. Matrix Trust Co.*, No. 3:17-cv-03300-X, ECF Nos. 81, 84).

(Doc. 69 at 5). Correspondingly, the second factor weighs against modification of the Protective Order.

As to the third factor of reliance, the Court should consider "the extent to which a party resisting modification relied on the protective order in affording access to discovered materials." *Dean v. Texas Tech Univ. Health Scis. Ctr.*, No. 3:16-CV-2635-M, 2017 WL 9901155, at *7 (N.D. Tex. Sept. 25, 2017) (internal citation omitted). Here, it is undisputed that the Parties each relied on the Protective Order. As the *Dean* court explained: "[i]t is presumptively unfair ... to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Dean*, 2017 WL 9901155, at *7 (citing *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (internal quotation omittied)). On this record, the Court agrees with the reasoning in *Dean*. 2017 WL 9901155, at *7. Correspondingly, the third factor weighs against modification of the Protective Order.

As to the fourth factor of good cause, the Court finds and concludes no good cause exists to modify the Protective Order. The Parties have each sought to burden the other with the requirement to show good cause for modification. Indeed, as the *Dean* court recognized:

> Courts have held that "a party seeking to modify an agreed protective order bears the burden of demonstrating good cause exists to modify the order." *United States ex rel. Long v. GSD&M Idea City LLC*, No. 3:11-cv-1154-O, 2014 WL 12648520, at *2 (N.D. Tex. Jan. 3, 2014) (citing *Orthoflex*, 2013 WL 3095106, at *3). On the other hand, courts have also held that, "[i]f good cause was not shown for the original protective order, the burden of showing good cause is on the party seeking continued confidentiality protection." *Diamond Consortium, Inc. v. Manookian*, No. 4:16-cv-94, 2017 WL 2364040, at *1 (E.D. Tex. May 31, 2017) (citing *United States v. Homeward Residential, Inc.*, No. 4:12-cv-461, 2016 WL 279543, at *4 (E.D. Tex. Jan. 22, 2016); *In re Enron Corp. Sec., Derivative, & ERISA Litig.*, No. MDL-1446, Civ. A. No. H-01-3624, 2009 WL 3247432, at *2 (S.D. Tex. Sept. 29, 2009) ).

*Dean*, 2017 WL 9901155, at *7; *see e.g.*, *Patrick*, 2019 WL 2772115, at *1.[4] On this record, the Court agrees with the *Dean* and *Patrick* opinions—that the party seeking a modification bears the burden of demonstrating good cause to modify an agreed protective order. *See Dean*, 2017 WL 9901155, at *7; *Patrick*, 2019 WL 2772115, at *1.[5]

Here, Plaintiffs' reason for modifying the Protective Order is to permit use of the Disputed Materials as summary judgment evidence in a different proceeding. (Doc. 93). However, Plaintiffs have failed to demonstrate good cause for the requested modification. Plaintiffs direct the Court to no authority that permits such use of discovery—subject to a protective order—in a different proceeding, and the Court has found none. Assuming *arguendo* the Court permitted de-designation, Plaintiffs direct the Court to no authority that permits the order of one Federal District Court to serve as an order on a different Federal District Court's summary judgment proceeding, and the Court has found none. For those reasons, the fourth factor weighs against modification of the protective order. Having determined that none of the four factors weigh in favor of modifying the protective order, the Court DENIES Plaintiffs' Motion to modify the Protective Order.

---

[4] "The party seeking to modify the order of confidentiality must come forward with a reason to modify the order. Once that is done, the court should then balance the interests, including the reliance by the original parties to the order, to determine whether good cause still exists for the order." *Patrick v. Martin*, No. 2:16-CV-216-D, 2019 WL 2772115, at *1 (N.D. Tex. July 2, 2019) (internal citation omitted).

[5] The Court notes without deciding that the language of Rule 26 suggests protective orders—entered subject to Rule 26—are inherently issued "for good cause" shown. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, *for good cause*, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.") (emphasis added); *see also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) ("Protective orders require a finding of "good cause" by the district court and apply to documents produced in discovery.").

## IV.  CONCLUSION

For the reasons enumerated above, the Court DENIES Plaintiffs' Motion in its entirety.

**SO ORDERED.**

23rd day of March, 2023.

ADA BROWN
UNITED STATES DISTRICT JUDGE